GasítoN, Judge.
 

 One of the questions presented in this case is free from difficulty. It is clear that the sum of $500, in the testator’s will, is mentioned by way of diminution of, or deduction from, the share of the residue bequeathed in trust for Mrs. Avent and her children — and, therefore, the balance or “surplus,” to be divided between the testator’s wife and her children, is increased by that amount.
 

 
 *287
 
 But the other question is by no means so easily answered. Taking into consideration, however, the pointed declaration of the testator, that “ of the part designed for his daughter” he desires that “ no part or parcel be subject to the debts of her husband;” that the bequest thereof is made to a trustee; that the trusts are to be collected from intimations as to the object of his bounty in different, parts of his will; that in the first part, his daughter, Mary E. Avent, is solely named as that object; and, in the latter part, his said daughter and her children are all named as such objects, we are of opinion that the testator’s purpose will be most effectually promoted by holding that the bequest was made in trust for his daughter, Mary, to her sole and exclusive use
 
 for
 
 life, and after her death, then in trust for her children. This interpretation, we think, is the more strongly called for, because, if we construe the immediate beneficial bequest to be made to Mary E. Avent and her children, none of the children could take under it, but those in being at the death of the testator^. This, we are satisfied, could not have been his intention
 

 Under this construction, it will be necg tee appointed in the place of Mr. Doggett, fljtiio declines 1
 

 Pee. CuRiam. Decjj